LOUIS H. GREEN, Respondent, v. MELROSE BOND AND MORTGAGE CORPORATION and CHARLES S. LEVY, Appellants.— Order denying defendants' motion for a stay of examination before trial affirmed. The items upon which examination is sought are in many instances too general and improper in form. The order granting the motion for examination before trial is accordingly modified so as to provide that the examination may be had as to the following items: (1) The names and positions held by the officers, directors, servants and employees of the defendant corporation who were present at the time plaintiff signed and delivered to defendant corporation the application for the loan of $85,000; (2) the form and nature of said application signed by plaintiff; (3) the day and date and approximate hour of the signing and delivery of said application for said loan, and what officer or officers and to what director or directors of said defendant corporation the said application was delivered; (4) whether the defendant corporation, through its duly authorized agents, servants and employees, officers or directors, and defendant Charles S. Levy caused Green's Chalet, Inc., to be incorporated; (5) what officers and directors were present at the first meeting of Green's Chalet, Inc., in the office of the defendant corporation, and whether the defendant corporation or Charles S. Levy prepared corporate resolutions for said Green's Chalet, Inc.; (6) whether defendant corporation, its agents, servants and employees, officers or directors, or Charles S. Levy, in addition to the sum of $20,000 reserved by defendant, received and retained the further sum of $3,937.05; (7) whether defendant corporation through its agents, servants and employees, officers or directors, and defendant Charles S. Levy prepared and delivered to plaintiff an alleged acceptance of plaintiff's application for the loan containing the name of a fictitious corporation; (8) the form, nature and substance of said alleged acceptance; (9) the approximate date of such acceptance and whether oral or in writing; (10) the conditions and circumstances under which said alleged acceptance was prepared and delivered to plaintiff; (11) whether any of the directors of the corporation, Green's Chalet, Inc., have any relation to defendant corporation, its agents, servants or employees, officers or directors, or the defendant Charles S. Levy; and that

the defendant corporation and Charles S. Levy produce on the examination for discovery and inspection the following: 1. The original of the application for the loan made by the plaintiff to the defendant corporation. 2. The originals of any orders signed by the plaintiff herein or the alleged dummy corporation directing the payment of certain sums of money by the defendant corporation to defendant Charles S. Levy. 3. The originals of the canceled checks drawn by the defendant corporation to the order of the plaintiff herein or the alleged dummy corporation, Green's Chalet, Inc., for the various installments on the building loan for the various items of expenses included in the closing statement of the defendant corporation as expenses of the said building loan together with the original checks that the defendant corporation paid to its codefendant, Charles S. Levy, under the terms of any order signed by the plaintiff herein, or the alleged dummy corporation, Green's Chalet, Inc., for alleged services rendered to that alleged dummy corporation by the individual defendant, Charles S. Levy. Examination to proceed on five days' notice at the place and hour stated in the order. As so modified, the order is affirmed, without costs. Lazansky, P. J., Rich, Hagarty, Carswell and Tompkins, JJ., concur.